## H. BRADY & CO. *v.* H. B. & R. M. ISLER.

PLEADINGS AND PRACTICE. *Suit prematurely brought.* Upon contract for sale of goods to be paid for in thirty days, if the vendee abandons the possession of the goods and vendor re-possesses them, he cannot sue for the purchase money before the expiration of the time of payment. He can only recover upon the contract, and suit to enforce collection before the money was due by the contract, cannot be maintained.

### FROM LAKE.

Appeal in error from the Circuit Court of Lake county. C. ADEN, J.

J. G. SMITH for Brady & Co.

L. DONALSON, COCHRANE & ENLOE and W. H. SWIGGART, for Isler.

DEADERICK, C. J., delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment of the circuit court of Lake connty.

Plaintiffs sold defendants a stock of goods for about $7,000, and they were to pay $2,000 in 30 days, and the balance in two installments, due respectively in 120 days, and 10 months.

The contract, or a memorandum thereof, was reduced to writing, bearing date 24th of January, 1874, and stipulates that the goods are to be the property of Brady & Co., until the first payment is made.

Defendants were examined as witnesses on the trial and testified that at the time of the execution of the contract, it was agreed that it was not to be operative unless R. M. Isler's mother would consent to his entering into the arrangement and would become his surety for his part of the purchase money. Said R. M. being a minor. Said H. B. required that he should be thus indemnified. This testimony was objected to on the ground that it varied the terms of the written contract. It was ;admitted, however, by the court. It is well settled that proof by parol cannot be heard at law, to vary, enlarge or diminish the stipulations of a written contract, yet it may be heard to show whether such contract was in fact made, or whether only upon certain contingencies, it was to take effect.

Plaintiff Adams denies the fact that any such facts were stated, or conditions agreed to.

It appears from R. M. Isler's evidence, that his mother refused to accede to the terms stated—notwithstanding, this was known, the paties, except R. M., who had gone to Kentucky, to see his mother, proceeded to take an invoice of the goods, and when this was finished, the store was open for part of a day, and some $15 of goods were sold. The vendors having in the store their own clerk to receive proceeds of sale of goods and apply to first payment due.

On return of R. M., and report of his mother's refusal to be bound for him, defendants refused to take the goods and surrendered the key of the store and goods therein to plaintiff.

Before the expiration of thirty days from date of contract, plaintiff sold the goods for less than half the amount of the invoice costs, having notified H. B. Isler of their purpose to do so.

They now bring this suit to recover the difference between the price received upon a resale and the amount agreed to be paid by the contract.

It will be observed that no part of the purchase money was due at the time of the resale of the goods. And in such case the vendee has not been guilty of any breach of the contract as to payment, although he may be in default in respect to his refusal to receive the goods—or rather in the abandonment of their possession.

His Honor charged the jury that if defendants abandoned the possession, of the goods and the plaintiffs repossessed them, and sold them before the expiration of thirty days, they could not recover in this action. By this proceeding the original contract was not rescinded, and the vendor must recover upon that contract, and it is that on which this suit is brought, and no part of the purchase money being due at the time the suit was brought, it must fail, so that in the aspect of the case contended for by plaintiffs, that the contract is valid and subsisting, the money was not due upon it when suit was brought. And we think it is essential that it should be due, before suit is brought to enforce its collection: Benj. on Sales, 789, 794; 1 Parson C., 537.

There was no error in the charge in this particular. The charge apparently may trench upon the pre-

rogatives of the jury, in assuming that R. M. Isler was a minor. There was no contest over this question, but the charge was technically erroneous, but we can see it did not prejudice plaintiffs. No such defense was made for H. B. Isler, and both defendants are by the verdict exonerated from liability, and manifestly, upon one or both of the grounds already discussed.

Upon these issues the verdict is sufficiently sustained by the evidence, and the judgment will be affirmed.